## 30007.  JOHNSON *v.* THE STATE.

DECIDED MAY 22, 1943.

*J. L. Smith,* for plaintiff in error.
*Earl Staples, solicitor,* contra.

MacIntyre, J.  The defendant was charged with possessing prohibited liquor.  The evidence for the State showed that the liquor was found in the place of business of the defendant.  The defendant introduced no evidence and made no statement to the jury. There was no request to charge that the defendant's failure to make a statement was not to be considered against him, and the judge correctly did not so charge in the absence of a request.  The judge charged the rule that if the whisky was found in the place of business of the defendant then the jury "would be authorized to assume —nothing else appearing—that the defendant was in the possession and control of the illegal liquor," and then charged the rule of circumstantial evidence.  The court . immediately thereafter charged the jury as follows: "(The State contends that the defendant Sam Johnson is guilty, and therefore he is guilty under the law.  If you should find that to be—nothing else appearing—then you would be authorized to convict,) if you find the allegations in this criminal information have been proved to your satisfaction, beyond ε reasonable doubt."  The defendant excepted to that part of the charge enclosed in parentheses.  The excerpt excepted to was either incorrectly transcribed, or the judge inadvertently used language inaccurate and confusing in stating a rule of law with which he was thoroughly familiar and which he has so often charged correctly.  Yet we do not think this excerpt, under the facts of the instant case, could be classed merely as containing a loose expression or a simple inaccuracy, which should be disregarded as

having no tendency to influence or mislead the jury, for it is impossible to say with certainty that the incorrect charge was not calculated to mislead the jury and that it did not injuriously affect the defendant, for the judge in effect charged the jury that there was a presumption that prohibited liquor found in the place of the defendant's business belonged to him and was in his possession and control, and then, thereafter, charged that "The State contends the defendant Sam Johnson is guilty, and therefore he is guilty under the law. If you should find that to be—nothing else further appearing—then you would be authorized to convict." If a prima facie case against the accused is made out, though the defendant offers no evidence and makes no statement, the court has no right to direct a verdict or to express an opinion as to the guilt of the defendant.

Noting that the defendant in this case introduced no evidence and made no statement, we can not say with certainty that the part of the charge excepted to did not unintentionally mislead the jury into erroneously believing that the court was saying that if a prima facie case was made out by the State and the defendant made nothing else appear, therefore he was guilty under the law, and not that the jury would be authorized to find him guilty. Such a charge was calculated to place upon the defendant an additional or greater burden than the law authorizes.

The charge excepted to was erroneous, and we can not say with certainty that it did not injuriously affect the defendant.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*